**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**UNITED STATES OF AMERICA**

vs.  3:99cr18/RV

**MICHAEL CRAIG PUGH**

---

## ORDER

The defendant has filed a petition for issuance of certificate of appealability of this court's denial of his motion for DNA testing and his motion for reconsideration. (Doc. 152, 17, 168, 169). Defendant moved for DNA testing under title 18 U.S.C. § 3600, which was enacted in 2004. Section 3600(h) provides that nothing within this section shall affect the circumstances under which a person may obtain DNA testing or post-conviction relief under any other law, that nothing in this section shall provide a basis for relief in any Federal habeas corpus proceeding, and that a motion made under that section is not to be considered as a motion under § 2255 for the purposes of determining whether a motion is second or successive under § 2255. 18 U.S.C. § 3600(h)(1)(2) and (3). It is not entirely clear whether a certificate of appealability is required to appeal the denial of such a motion. See *Young v. Wynder*, 2008 WL 2227534 (E.D.Pa. 2008) (denying motion for post conviction DNA testing because defendant was not entitled to proceed under § 3600, and finding no probable cause to issue certificate of appealability).

To the extent that such a certificate is required, the defendant asserts that the court erred in its analysis of the fourth prong of the ten-part test for determining whether DNA testing is warranted. This portion of the test requires that the evidence to be tested must still be in the possession of the Government, subject to a chain of custody and retained under conditions sufficient to ensure that it has not been substituted, contaminated, tampered with, replaced or altered in any material respect. 18 U.S.C. § 3600(a)(4). The government proffered that there was no physical evidence remaining upon which to

conduct testing, as it had been destroyed in the ordinary course of business after resolution of defendant's direct appeals. Defendant contended that the government failed to follow proper protocol, failing to recognize that the statutory requirements upon which he relied were not enacted until October 30, 2004, nearly four years after he exhausted all avenues of direct review of his conviction. The court concluded, quite reasonably, that the government could not be faulted for its alleged failure to comply with procedures that were not yet in place. Defendant's request for a certificate of appealability is based on the fact that the government did not present absolute proof of destruction of the biological evidence, only a "proffer" based on it belief that FBI policy would have provided for destruction of the evidence long ago. He claims that the failure of such "proof" deserves encouragement to go further because jurists of reason could disagree about the court's ruling. This court disagrees. Finding that defendant has not made a substantial showing of the denial of a constitutional right, see *United States v. Futch*, 518 F.3d 887 (11th Cir. 2008), his request for a certificate of appealability is DENIED.

No motion for leave to proceed *in forma pauperis* has been filed. If one were to be filed, it should also be denied. Fed.R.App.P. 24(a)(3). Defendant shall pay the $455.00 filing fee within thirty days.

DONE AND ORDERED this 28th day of September, 2009.


/s/ *Roger Vinson*
**ROGER VINSON**
**SENIOR UNITED STATES DISTRICT JUDGE**